IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL N. BROADUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1210 |
| vs. ) | |
| ) | |
| JO ANN B. BARNHART, ) | Judge McVerry |
| Commissioner of Social Security, ) | Magistrate Judge Lenihan |
| ) | |
| Defendant. ) | Re: Doc. Nos. 14 & 19 |

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is recommended that Plaintiff's Motion for Summary Judgment at Doc. No. 14 be denied. It is also recommended that the Defendant's Motion for Summary Judgment at Doc. No. 19 be granted and that the decision of the Commissioner denying Plaintiff's claim for Supplemental Security Income (SSI) be affirmed.

II.    REPORT

A.    Facts

On May 19, 2003, Plaintiff protectively filed an application for Supplemental Security Income ("SSI") benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83, claiming disability due to pain subsequent to hip surgery and loss of hearing. (Tr. 446-49, 466.) Initially, the claim was denied, and a request for hearing was timely filed. (Tr. 426.) Plaintiff and a vocational expert testified at the hearing held before the ALJ on August 4, 2004. Plaintiff was represented by paralegal, Roberta Sledge. (Tr. 633-52.) On October 29, 2004, the

ALJ found that although Plaintiff's medically determinable "impairments of left hip pain and probable degenerative joint disease of the left hip . . ., and bilateral sensorineural hearing loss" were severe, these impairments did "not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4." (Tr. 32, Finding Nos. 2-3.) The ALJ also found that Plaintiff retained the residual functional capacity for light exertion with other additional limitations, that there were a significant number of jobs in the national economy that Plaintiff could perform, and that Plaintiff was not under a disability as defined in the Social Security Act. (Tr. 32, Finding Nos. 5, 10, 11.) Also relevant to the issue presently before this Court are the following statements of the ALJ in his October 29, 2004 decision:

> The controlling date for a supplemental security income application is the date of filing, making the issue of alleged onset date moot. The issue presented is whether the claimant was under a disability as of the May 19, 2003 protective filing date of the current application through the date of this decision. The undersigned declines to invoke the discretionary authority to reopen the previous application of April 12, 2002 which was denied within 12 month[s] of the filing of the current application (20 C.F.R. § 416.1488).

(Tr. 23.)

Plaintiff thereafter requested that the Appeals Council review the ALJ's decision of October 29, 2004. (Tr. 18.) On June 17, 2005, the Appeals Council denied Plaintiff's request for review. (See Tr. 17.) Consequently, the ALJ's decision became the final decision of the Commissioner.

Plaintiff had previously filed various applications for Social Security benefits. The previous application relevant to these motions for summary judgment is the application for SSI protectively filed on April 12, 2002. This application was initially denied on July 31, 2002, with no further action taken by Plaintiff. (Tr. 414-15, 418-21, 438-40, 441-43.)

Here, Plaintiff argues that the ALJ's October 29, 2004 decision is erroneous because pursuant to 20 C.F.R. § 416.1488, the ALJ failed to reopen the April 12, 2002 application that was denied within 12 months of Plaintiff's present application, and that such reopening is mandatory pursuant to the regulations.[1]  Plaintiff further argues that the ALJ disregarded evidence favorable to Plaintiff contained within the record of the previous application.  Plaintiff's final argument is that the ALJ posed an incomplete hypothetical to the vocational expert which did not include evidence from the previous application.  In response, Defendant argues the following: 1) the ALJ's reopening determination is not subject to judicial review in the absence of a constitutional challenge; 2) if this Court does have subject matter jurisdiction, the ALJ's reopening determination is discretionary, not mandatory, as demonstrated by the plain language of the regulation in issue; and 3) the ALJ considered the evidence from the relevant time period in formulating his hypothetical to the vocational expert.

B.  Discussion

Defendant properly notes that "[t]he Commissioner's decision to deny the reopening of a prior application is not subject to judicial review unless the claimant challenges the refusal on constitutional grounds." (Doc. No. 20 at 8) (citing Califano v. Sanders, 430 U.S.

---

[1] 20 C.F.R. § 416.1488(a) provides in relevant part as follows:

§ 416.1488    Conditions for reopening.
       A determination, revised determination, decision, or revised decision may be reopened-
               (a) Within 12 months of the date of the notice of the initial determination for any reason;

20 C.F.R. § 416.1488.

3

99, 108 (1977)).  Defendant continues that Plaintiff has not raised "a constitutional challenge, and therefore, this Court lacks subject matter jurisdiction to review the Commissioner's reopening determination."  (Doc. No. 20 at 8).  In his supporting brief, however, Plaintiff contends that the regulation in issue "protects the Claimant's right to adequate due process and a fair hearing on the merits of his claim[,]" and that "the ALJ's failure to reopen the Plaintiff's prior claim denied him adequate due process under the law."  (Doc. No. 16 at 3.)  With regard to due process, Plaintiff presents nothing further.

      The Social Security Act limits judicial review of the Commissioner's decisions to "any final decision ... made after a hearing."  42 U.S.C. § 405(g).  A decision not to reopen a prior final benefits decision, however, is discretionary and not a final decision; therefore, it is not subject to judicial review.  Califano, 430 U.S. at 107-09.  As noted by Defendant, Califano v. Sanders does recognize an exception "where the Secretary's denial of a petition to reopen is challenged on constitutional grounds."  Califano v. Sanders, 430 U.S. at 109.  This exception applies to any colorable constitutional claim of a due process violation that involves a due process right to be heard, or to seek reconsideration of an adverse benefits determination.  See Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997) (discussing Panages v. Bowen, 871 F.2d 91, 93 (9th Cir. 1989)).  Colorable, and therefore reviewable, due process claims have included scenarios where the Secretary's notice did "not clearly indicate that if no request for reconsideration is made, the determination is final."  Gonzalez v. Sullivan, 914 F.2d 1197, 1203 (9th Cir. 1990).  See also Penner v. Schweiker, 701 F.2d 256, 260-61 (3d Cir. 1983) (notice of denial of benefits only to mentally-impaired claimant and not to his counsel is denial of due process); Young v. Bowen, 858 F.2d 951, 954 (4th Cir. 1988) (Secretary's refusal to reopen

violates due process where the claimant lacked both mental capacity and legal assistance to contest prior denial of benefits); Elchediak v. Heckler, 750 F.2d 892, 894 (11th Cir. 1985) (Secretary's refusal to reopen violates due process where claimant's mental illness prevented him from understanding and pursuing administrative remedies); Parker v. Califano, 644 F.2d 1199, 1203 (6th Cir. 1981) (due process violation where claimant's ability to understand Secretary's notice is undermined by her mental impairment).

Without some more specific contention by Plaintiff as to how his due process rights were allegedly denied, Califano v. Sanders precludes this Court from assuming jurisdiction. See Krumpelman v. Heckler, 767 F.2d 586 (9th Cir. 1985) (quoting Davis v. Schweiker, 665 F.2d 934, 936 (9th Cir. 1982)) (no jurisdiction existed for judicial review where claimant's allegations were "purely conclusory, unsupported by facts, and . . . . insufficient to withstand summary judgment"). See also Lear v. Apfel, 2001 WL 179861 *3 (E.D. Pa. 2001) (quoting Banks v. Chater, 949 F. Supp. 264, 266 (D.N.J. 1996) ("The mere allegation of a due process violation is not sufficient to raise a 'colorable' constitutional claim to provide subject matter jurisdiction.").

This Court must recommend that Plaintiff's Motion for Summary Judgment be denied and that Defendant's Motion for Summary Judgment be granted because this Court does not have subject matter jurisdiction over whether the ALJ erred in not reopening Plaintiff's previous April 12, 2002 SSI application, and Plaintiff has failed to present a colorable constitutional claim upon which jurisdiction may rest.

To the extent that Plaintiff's Motion for Summary Judgment asks this Court to review only the May 19, 2003 application for SSI to determine whether the ALJ's decision is

supported by substantial evidence,[2] which is unclear from Plaintiff's counseled arguments, the record clearly supports the detailed analysis of the ALJ in his October 29, 2004 decision. Consequently, as to Plaintiff's May 19, 2003 SSI application only, the ALJ's October 29, 2004 decision is supported by substantial evidence in the record.

III.     CONCLUSION

For the reasons stated above, it is recommended that the Motion for Summary Judgment filed by Plaintiff at Doc. No. 14 be denied.  It is further recommended that the Motion for Summary Judgment filed by Defendant at Doc. No. 19 be granted and that the decision of the Commissioner denying Supplemental Security Income benefits to Plaintiff be affirmed.

In accordance with the Magistrate's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

---

[2] The standard of judicial review is whether the Commissioner's decision is supported by substantial evidence.  42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401; Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552 (1988)); Smith, 637 F.2d at 970; Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  "Substantial evidence" is more than a "scintilla."  Jesurum v. Secretary of United States Dep't of Health and Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Stunkard v. Secretary of Health and Human Servs., 841 F.2d 57, 59 (3d Cir. 1988); Smith, 637 F.2d at 970. If supported by substantial evidence, the Commissioner's decision must be affirmed

_____
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: February 28, 2007

cc: The Honorable Terrence F. McVerry
    United States District Court Judge

    All Counsel of Record